Defendant Alfonza Dozier, Jr. has appealed his conviction from the Summit County Common Pleas Court. This Court affirms.
 I.
On September 14, 1999, Defendant was indicted by the Summit County Grand Jury for driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1).[1] Defendant entered a plea of not guilty, and the case proceeded to a jury trial. On December 2, 1999, a jury found Defendant guilty. The trial court sentenced Defendant accordingly. Defendant timely appealed, asserting three assignments of error.
 II. A. Assignments of Error Number One
 The verdict of the jury is against the manifest weight of the evidence.
In his first assignment of error, Defendant has asserted that his conviction was against the manifest weight of the evidence. Defendant has also argued that the trial court erred in not granting his motion for acquittal. Lastly, Defendant has insisted that the evidence at trial negates the fact that his driving was impaired. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
"[A]s an initial matter, * * * evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations." State v.Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the state has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the state. Gulley, supra. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id. R.C. 4511.19(A)(1) provides that: "No person shall operate any vehicle * * * [while] under the influence of alcohol[.]"
At trial, Kristi Greer testified that Defendant's car was crooked and parked on top of the front bumper of her mother's car. She admitted that she was the last person to drive her mother's car on the day in question. Kristi testified that when she parked her mother's car, there were no other cars around it. She observed that the only damage Defendant caused to her mother's car was a bent license plate. Lastly, Kristi testified that Defendant came out of the house screaming and staggering to the parking lot.
Next, Jaber M. Jaber testified on behalf of the state. Jaber first saw Defendant crossing the street when he arrived at his girlfriend Kristi's house. He stated that moments later, he and Kristi noticed Defendant's car parked crooked and on top of Kristi's mother's car. Jaber further testified that Defendant smelled of alcohol and was stumbling when he walked across the street. He called the police when Defendant started yelling at him. Jaber saw Defendant move his car and park it across the street. He observed that Defendant parked his car on half of the neighbor's lawn and on half of the driveway.
Officer Danny Ullman testified that Defendant's eyes were bloodshot, he was stumbling, he smelled of alcohol, and his speech was slurred. Upon inquiry, Defendant acknowledged that he had driven his car and parked it in the driveway. At this point, Officer Ullman placed Defendant under arrest. Lastly, Officer Ullman admitted that he did not question Defendant' s stepdaughter, Winnie.
Next, Officer Stanford Smith testified on behalf of the state. Officer Smith recalled that Defendant had stated that he had been drinking on the night in question. He also noticed that Defendant's eyes were bloodshot, he smelled of alcohol, his speech was slurred, and he was having trouble maintaining his balance. Officer Smith administered field sobriety tests to Defendant at the police station. He stated that Defendant could not walk a straight line and failed the walk-and-turn test. Officer Smith also noted that Defendant passed the triangle and ceiling test, but failed the coin test.
Winnie Earlinbaugh was the sole witness to testify on behalf of Defendant. Winnie stated that she was sitting on her front porch when she noticed two boys and a girl in the parking lot by Defendant's car. She heard some glass breaking and thought that the individuals were trying to break into Defendant's car. Winnie yelled for Defendant, who was upstairs asleep. Defendant immediately went outside and began yelling at the individuals. She saw Defendant move his car from the parking lot to the driveway without any difficulty. Winnie stated that Defendant had no signs of intoxication and that his speech is slurred in general. Finally, Winnie testified that the officers did not question her about the incident.
After thoroughly reviewing the record, this Court concludes that a rational trier of fact could have found that Defendant was driving under the influence of alcohol. Although there were inconsistencies in the testimony presented at trial, this Court will not overturn a judgment based solely on the fact that the trial court preferred one version of the testimony over the other. See State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported. Additionally, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. See State v. DeHass (1967), 10 Ohio St.2d 230.
The jury heard several witnesses testify that Defendant's eyes were bloodshot, he smelled of alcohol, and he stumbled across the street. Jaber stated that Defendant's car was parked crooked in the driveway and on the grass. Defendant admitted that he drove his car and parked it in the driveway. Officer Smith testified that Defendant failed most of the field sobriety tests. This Court concludes that the jury did not lose its way in finding Defendant guilty of driving under the influence of alcohol. Indeed, this is not a case where the evidence weighs heavily in Defendant's favor. Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two
 The court erred in allowing (sic) introduction of the prior convictions and in overruling [Defendant's] motions in limine.
 Assignment of Error Number Three
 The court erred in admitting the prior convictions of [Defendant].
In his second and third assignments of error, Defendant has argued that the trial court erred in allowing evidence of his three prior convictions for driving under the influence of alcohol and the testimony concerning his Breathalyzer test.
Defendant has failed to support his arguments with any legal authority. Pursuant to App.R. 16(A)(7), Defendant has the duty "to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor
(Feb. 9, 1999), Medina App. No. 2783-M, unreported. Because Defendant has failed to comply with App.R. 16(A)(7), he has not demonstrated any error by the trial court. Defendant's second and third assignments of error are overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] Because Defendant was convicted of three violations of R.C.4511.19(A)(1) in the past six years, the offense in the present case was indicted as a felony of the fourth degree.